IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

EDDIE FAULK, JR.,                      )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )        CASE NO. 1:18-CV-467-WKW
                                       )
WALLY OLSON,                           )
                                       )
        Defendant.                     )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Eddie Faulk, Jr., an indigent inmate, initiated this 42 U.S.C. § 1983 civil rights action on May 4, 2018.  In the instant complaint, Faulk challenges conditions at the Dale County Jail.  Doc. 1 at 2–3.

The order of procedure entered on May 8, 2018 instructed Faulk to immediately inform the court of any new address.  Doc. 4 at 4, ¶7.  ("The plaintiff shall immediately inform the court and the defendants or, if counsel has appeared on behalf of the defendants, counsel of record of any change in his address.  Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action.").  The docket indicates Faulk received a copy of this order.  However, the postal service returned as undeliverable an order entered on June 7, 2018 because Faulk no longer resided at the last address he provided to the court.

Based on the foregoing, the court entered an order requiring Faulk to inform the court of his current address on or before June 29, 2018.  Doc. 8.  The order noted "this

case cannot properly proceed . . . if [the plaintiff's] whereabouts remain unknown . . . [and directed the plaintiff to] show cause why this case should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action." Doc. 8 at 1. Finally, the court "specifically cautioned [the plaintiff] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed." Doc. 8 at 1. As of the present date, Faulk has failed to provide the court with his current address. Under these circumstances, the court finds that dismissal of this case is warranted.

In accordance with Eleventh Circuit law, the court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Faulk is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Faulk has failed to comply with the directives of the orders entered by this court regarding provision of a current address. It likewise appears that Faulk is simply no longer interested in the prosecution of this case and any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources. Finally, as previously stated, this case cannot properly proceed when Faulk's whereabouts are unknown.

Accordingly, the court concludes that this case is due to be dismissed.  *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  "The district court possesses the inherent power to police its docket."  *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630–31.  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."  *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **July 31, 2018** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues

3

covered in the Recommendation and waives the right of the party to challenge on appeal

the District Court's order based on unobjected-to factual and legal conclusions accepted

or adopted by the District Court except upon grounds of plain error or manifest injustice.

11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144,

1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 11th day of July, 2018.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE